IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Brody Bridges, | ) | |
| | ) | C.A. No. 8:23-1021-HMH-KFM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| | ) | |
| Kayla Porter, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1]  Brody Bridges ("Bridges") is a pro se state prisoner asserting, pursuant to 42 U.S.C. § 1983, that the Defendant violated his constitutional rights.  In his Report and Recommendation filed on March 21, 2023, Magistrate Judge McDonald recommends dismissing this action without prejudice, without leave to amend, and without issuance and service of process based on Younger v. Harris, 401 U.S. 37 (1971), abstention as Bridges' conviction is not final.  (R&R, generally, ECF No. 9.)  Further, as an additional basis, the magistrate judge recommends dismissing the complaint for failure to state a claim for relief.  (Id., ECF No. 9.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Bridges filed timely objections to the Report and Recommendation and a motion to appoint counsel.  (Objs., ECF No. 12.); (Mot. Appoint Counsel, ECF No. 11.)  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Bridge's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims.  Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge McDonald's Report and Recommendation and incorporates it herein.[2]

It is therefore

**ORDERED** that this action is dismissed without prejudice, without leave to amend, and without issuance and service of process.  It is further

**ORDERED** that Bridges' motion to appoint counsel, docket number 11, is denied.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 11, 2023

---

[2] Although unclear from his objections, to the extent Bridges is attempting to amend his complaint to add the Public Defender's office, the request is denied as futile.  Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)

2

3

**NOTICE OF RIGHT TO APPEAL**

The Petitioner is hereby notified that he has the right to appeal this order within thirty

(30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.